Filed 3/12/26  P. v. Gonzalez-Alvarez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO JAVIER GONZALEZ-ALVAREZ,<br><br>Defendant and Appellant. | A171622<br><br>(Sonoma County Super Ct. No. SCR7583331) |

**MEMORANDUM OPINION**[1]

After Fernando Javier Gonzalez-Alvarez pleaded no contest to lewd conduct with a child under 14 years old (Pen. Code,[2] § 288, subd. (a)) and oral copulation with a child under 16 years old (§ 287, subd. (b)(2)), the superior court sentenced him to six years' imprisonment, based on a six-year midterm sentence for the lewd conduct and a concurrent two-year midterm sentence for the copulation.  In this appeal, Gonzalez-Alvarez argues that because he had made a showing of childhood trauma sufficient to trigger the lower-term presumption set forth in section 1170, subdivision (b)(6), the superior court

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All statutory references are to the Penal Code.

1

abused its sentencing discretion by imposing a midterm sentence in the absence of any indication that the superior court was aware of that subdivision's requirements. We agree, so we will reverse the judgment and remand the matter for a new sentencing hearing.[3]

In relevant part, section 1170, subdivision (b)(6), provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if . . . the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." Here, as the Attorney General concedes, Gonzalez-Alvarez "made a sufficient showing" in this respect, thus "trigger[ing] the lower term presumption." The contested issue, then, is whether the superior court actually found "that the aggravating circumstances outweigh[ed] the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (*Ibid.*)

On the present record, we cannot conclude the court made that finding. First, the court did not expressly conduct the inquiry that would allow such a finding to be made: The court neither referred to section 1170, subdivision (b)(6), nor invoked its language. Second, the record does not " 'affirmatively' show compliance with [the] statutory sentencing mandate," as is required when the court has not expressly complied. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991 ["the record must 'affirmatively' show compliance

---

[3] We do not reach Gonzalez-Alvarez's claim of ineffective assistance of counsel, raised in his opening brief to forestall any suggestion that he has forfeited the section 1170, subdivision (b)(6), claim. The Attorney General concedes the latter claim is not forfeited, and we accept the concession.

with a statutory sentencing mandate whenever the mandate has been 'trigger[ed]' by an 'initial showing' of the applicability of the statute"].) The court's averment that "looking at the mitigating factors . . . is where you start nowadays" is too vague to be an affirmative indication that the court was aware that the lower term was presumptive. Similarly, the court's decision to "select[] the midterm" after referring to "aggravating factors" is different from a finding that the aggravating factors *outweighed* the mitigating factors, as is required to defeat the presumption in favor the lower-term sentence. Indeed, on the sentencing form signed by the sentencing judge, no marking has been made on the field that reads, "[25] Aggravation factors outweigh those in mitigation," even though several other fields on the form are marked. In short, this record gives us no reason to believe the court complied with section 1170, subdivision (b)(6).

Consequently, we reject the Attorney General's contention that we should simply presume the superior court followed the law. In *People v. Caparrotta* (2024) 103 Cal.App.5th 874, cited by the Attorney General as a case in which such a presumption prevailed over a similar claim of sentencing error, the record *did* affirmatively show compliance with the statutory sentencing mandate: "Moreover, because Caparrotta highlighted Penal Code section 1170, subdivision (b)(6) in his sentencing memorandum, we presume that the trial court was aware Caparrotta was seeking to benefit from that provision." (*Id*. at p. 905.) No analogous "highlight[ing]" appears in the record here, so we cannot draw the same inference with respect to the judge who sentenced Gonzalez-Alvarez.

## DISPOSITION

The judgment is reversed and the matter is remanded for a new sentencing hearing that meets the requirements of section 1170.

_____

SMILEY, J.

WE CONCUR:


_____

HUMES, P. J.


_____

BANKE, J.

*People v. Gonzalez-Alvarez* / (A171622)

4